UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 24-cv-82

| | |
|---|---|
| Rodney Seamon,<br><br>　　　　　Plaintiff,<br>v.<br><br>Midwest Bonding LLC and Midwest Resale Specialist Inc.,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1. This action arises out of Defendant Midwest Bonding LLC ("Defendant Midwest Bonding") and Defendant Midwest Resale Specialist Inc. ("Defendant Midwest Resale")(collectively "Defendants") violations of the Bankruptcy Discharge Injunction and Automatic Stay violations of the Bankruptcy Code, 11 U.S.C. § 524, Invasion of Privacy, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, 11 U.S.C. § 524, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

1

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff Rodney Seamon (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midwest Bonding is a bail bonds agent-organized under the laws of the United States of America. Defendant Midwest Bonding's principal place of business is located at 525 Junction Street, P.O. Box 125, Winona, MN 55987. Defendant Midwest Bonding is authorized to conduct business in the state of Minnesota and regularly does conduct business in said State. Defendant Midwest Bonding has a registered agent for service of Ronald S. Blume, 525 Junction Street, P.O. Box 125, Winona, MN 55987. Defendant Midwest Bonding is a "creditor" as defined in 15 U.S.C. § 1692a(4).

6. Defendant Midwest Resale is a collection agency whose principal purpose is to purchase defaulted debts and seek to collect them. Defendant Midwest Resale has its headquarters located at 412 South 4th Street, Suite 1150-E, Minneapolis, MN 55415-5541. Defendant Midwest Resale has a registered address for service of 272-D Grain Exchange Building, 412 South 4th Street, Suite 1150-E, Minneapolis, MN 55415. Defendant Midwest Resale regularly attempts to collect consumer debts

alleged to be due another and/or who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts. Defendant Midwest Resale is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL SUMMARY

7. Sometime in or about 2015, Plaintiff's girlfriend was arrested.

8. Plaintiff paid his girlfriend's bail by incurring a debt with Defendant Midwest Bonding, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

9. According to Plaintiff's girlfriend's bail amount, Plaintiff needed to pay Defendant Midwest Bonding $10,000.

10. The Defendant Midwest Bonding Employee Plaintiff spoke with told Plaintiff Defendant Midwest Bonding would accept $7,500 and Defendant Midwest Bonding would pay the remaining $2,500 to reach $10,000.

11. The employee's instruction to Plaintiff that Defendant Midwest Bonding would pay the remaining $2,500 was neither authorized by Defendant Midwest Bonding nor legal. The employee was subsequently fired for his actions.

12. Unbeknownst to Plaintiff, Plaintiff owed the remaining $2,500 to Defendant Midwest Bonding as a "consumer debt" as that term is defined at 15 U.S.C. § 1692a(5).

13. Then sometime in October 2016, Defendant Midwest Bonding received a judgment against Plaintiff for $2,570.00.

14. On August 26, 2019, Plaintiff commenced a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, District of Minnesota, Case No. 19-42588.

15. According to the United States Bankruptcy Court records on August 27, 2019, Defendant Midwest Bonding received notice of Plaintiff's bankruptcy via the Bankruptcy Noticing Center via first class mail and also through email to ehindal.mb@gmail.com.

16. On November 25, 2019, Plaintiff's Chapter 7 Bankruptcy was discharged by the Court.

17. Despite receiving notice from the Bankruptcy Noticing Center, and contrary to the Plaintiff's Bankruptcy filing and discharge of the debt, upon information and belief, Defendant Midwest Bonding assigned Plaintiff's discharged account/judgment to Defendant Midwest Resale for collection purpose, in violation of 11 U.S.C. § 524.

18. Upon information and belief, Defendant Midwest Bonding sent a notice or in some way communicated to Defendant Midwest Resale that Plaintiff had filed for bankruptcy.

19. In the alternative, Defendant Midwest Resale uses bankruptcy scrub procedures and was aware or should have been aware that Plaintiff had filed bankruptcy and discharged the Midwest Bonding debt/judgment.

20. On or about October 15, 2023, Plaintiff got a notification through his credit monitoring accounts with Experian Information Solutions ("Experian") and Capital One that Defendant Midwest Resale had put an inquiry on his credit report, in violation of 15 U.S.C. § 1681b.

21. Defendant Midwest Resale, with whom Plaintiff does not have a current credit relationship or account, illegally obtained and used Plaintiff's personal credit information from Experian Information Solutions Inc. (hereinafter "Experian").

22. Defendant Midwest Resale's illegal obtaining and using of Plaintiff's Experian credit report resulted in a hard inquiry on Plaintiff's credit report.

23. As a result of Defendant Midwest Resale's illegally obtaining and using of Plaintiff's Experian credit report, Plaintiff's privacy has been invaded.

24. The plaintiff immediately put a credit freeze on his credit as he believed that his information had been stolen.

25. Then on or about October 24, 2023, Defendant Midwest Resale sent Plaintiff a collection letter threatening legal action if Plaintiff did not make immediate payment arrangements, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

26. Because the debt was included and discharged in Plaintiff's bankruptcy, Defendant Midwest Resale's repeated demands for payment violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

27. Between October 16 and October 30th Plaintiff received numerous debt collection calls from Defendant Midwest Resale, using phone numbers 612-474-4142, 612-474-4588, and 612-474-4143, attempting to collect on the discharged debt/judgment, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5) and 1692f.

28. Plaintiff's cellphone call history reflects the following calls from Defendant Midwest Resale:

    - 3 calls on October 24, 2023
    - 1 call on October 25, 2023
    - 1 call on October 26, 2023
    - 1 call on October 30, 2023
    - 3 calls on October 31, 2023

29. Defendant called Plaintiff attempting to collect on the discharged debt more times than listed in the proceeding paragraph, but Plaintiff's phone does not permit him to see call history before October 24, 2023.

30. During the phone calls, Plaintiff explained that he had filed for Bankruptcy and the debt/judgment was discharged in his Chapter 7 Bankruptcy. Defendant's employee Plaintiff spoke with did not listen to Plaintiff, harassed him, called into question Plaintiff's character, and belittled him for owing Defendant Midwest Resale the alleged debt, despite its discharge through bankruptcy.

31. Then on or about October 30, 2023, Plaintiff had his bank account garnished by Defendant Midwest Resale, in direct violation of Plaintiff's bankruptcy injunction and 15 U.S.C. §§ 1692d, 1692e, 1692e(5) and 1692f.

32. When Plaintiff's bank account was garnished, he contacted his previous bankruptcy attorney, Walker and Walker Law Office PLLC, and had them contact Defendant Midwest Resale to stop the garnishment and also to get his money reimbursed.

33. Because his funds were garnished Plaintiff's bank account was put on hold and had a negative balance, causing Plaintiff extreme distress as he was unable to pay his current obligations and he was unable to get his kids the Halloween costumes they wanted.

34. On November 2, 2023, Plaintiff's funds were released to his bank account.

35. Defendant Midwest Resale knew through its bankruptcy scrub systems or should have known from its communications with Defendant Midwest Bonding that Plaintiff was represented by an attorney, specifically his bankruptcy counsel, Walker & Walker Law Office Ltd., and that its communication with Plaintiff violated 15 U.S.C. § 1692c(a)(2).

36. Defendants' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant Midwest Bonding's having received and documented notice of Plaintiff's bankruptcy.

37. Plaintiff has suffered emotional distress, fear, stress, anxiety, and loss of sleep because of Defendants' illegal conduct.

## TRIAL BY JURY

38. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524 - AGAINST BOTH DEFENDANTS

39. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40. Defendant Midwest Bonding's actions by presenting to Plaintiff, through Defendant Midwest Resale, repeated attempts to collect on a debt that had been included in a bankruptcy, violated the discharge injunction.

41. Defendants' actions in attempting to collect the alleged debt included and discharged in Plaintiff's bankruptcy were willful.

42. In its actions set forth above, Defendants have violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

43. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendants are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.* – AGAINST DEFENDANT MIDWEST RESALE

44. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45. Defendant Midwest Resale's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the FDCPA described in the paragraphs above, 17-26.

46. Defendant Midwest Resale's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

47. As a result of Defendant Midwest Resale's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, according to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681, *et seq.* – AGAINST DEFENDANT MIDWEST RESALE

48. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

49. Defendant Midwest Resale lacked a permissible purpose in accessing Plaintiff's credit in violation of 15 U.S.C. § 1681b(f).

50. As a result of Defendant Midwest Resale's violation of 15 U.S.C § 1681b(f), Plaintiff has suffered out-of-pocket expenses and emotional distress in an amount to be determined at trial.

51. Defendant Midwest Resale's conduct, actions, and inactions were willful, rendering

      it liable for statutory damages of $1,000 and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

52.   As a direct and proximate result of Defendant Midwest Resale's conduct as outlined above, Plaintiff is entitled to an award of statutory damages, such amount of punitive damages as the Court may allow, and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

### COUNT IV.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION – AGAINST BOTH DEFENDANTS

53.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.   Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendants continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition.

55.   Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

56.   Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

57.   As a result of the Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants are follows:

- Find Defendants in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations;
- An order be entered declaring that Defendant Midwest Resale's actions as described above violates the FDCPA;
- Judgment be entered against Defendant Midwest Resale's for actual damages, under 15 U.S.C. § 1692k(a)(1);
- Judgment be entered against Defendant Midwest Resale's for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- The Court award costs and reasonable attorney's fees, under 15 U.S.C. § 1692k(a)(3);
- Awarding appropriate statutory and punitive damages for Defendant Midwest Resale violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- Awarding costs and reasonable attorney's fees pre and post-judgment pursuant 15 U.S.C. §1681 *et seq*. against Defendant Midwest Resale;
- Awarding actual damages for Defendants' illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: January 11, 2024.

                                              Respectfully submitted,

                                              By:  *s/ Carter B. Lyons*
                                              Thomas J. Lyons, Jr., Esq.
                                              Attorney I.D. #: 249646
                                              Carter B. Lyons, Esq.
                                              Attorney I.D. #:  0403655
                                              **CONSUMER JUSTICE CENTER, P.A.**
                                              367 Commerce Court
                                              Vadnais Heights, MN 55127
                                              Telephone:  (651) 770-9707
                                              Facsimile:   (651) 704-0907

tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

CASE 0:24-cv-00082-NEB-ECW   Doc. 1   Filed 01/11/24   Page 12 of 13

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Rodney Seamon, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 11th day of January 2024.

                                               s/ Rodney Seamon
                                               Rodney Seamon