EXHIBIT B
TO SECOND DECLARATION OF RONALD BLUME

FILED UNDER SEAL
CONFIDENTIAL

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into between and among Rodney Seamon ("Seamon") on one hand, and Midwest Bonding, LLC ("Midwest Bonding"), on the other hand. All parties to this agreement shall be collectively referred to as the "Parties."

## RECITALS

**WHEREAS**, Seamon brought a Complaint against Midwest Bonding, dated January 19, 2024, *Rodney Seamon v. Midwest Bonding, LLC., et al.*, 24-cv-82 (NEB/ECW) ("Complaint" or "Lawsuit") in the United States District Court for the District of Minnesota. All claims are described fully within the Complaint;

**WHEREAS**, the Parties have concluded that they desire to enter into this Agreement in order to resolve and settle any and all past, present, and future claims, known and unknown, arising from and/or relating to the Complaint, including, but not limited to, all claims that could have been or were asserted in the Complaint, for good, valuable, and sufficient consideration;

**NOW**, **THEREFORE**, as consideration for the mutual promises, obligations, and agreements made herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## SETTLEMENT TERMS

1. The above Recitals are restated and incorporated into these settlement terms.

2. **Effective Date.** The "Effective Date" of this Agreement shall be October _, 2024.

3. **Settlement Payment.** In consideration of this Agreement, Midwest Bonding will deliver a one-time payment to Seamon in the amount of $20,000 within 14 days of the complete execution of this Agreement by all Parties or their authorized representatives.
   a. Payment shall be made by check made payable to Consumer Justice Center Trust Account.
   b. That check will be delivered via UPS or Fed Ex.
   c. Seamon's representative will provide confirmation to Midwest Bonding's attorney via email once the funds are received and deposited.

4. **Declaration**. In further consideration of this Agreement, Midwest Bonding will deliver to Seamon a signed declaration relating to an email solicitation received by Midwest Bonding from Midwest Resale Specialists on October 16, 2023. Appended to that declaration shall be an unredacted copy of the spreadsheet sent to Midwest Bonding by Midwest Resale Specialists on October 16, 2023.

5. **Service.** The Parties agree that in the event any notice needs to be provided or any legal proceeding must be initiated in connection with this Agreement, they may be served directly to the address of their counsel as contained herein.

6. **Dismissal of Lawsuit with Prejudice.** Seamon hereby agrees to the dismissal of his claims against the Midwest Bonding with prejudice in the Lawsuit, within seven (7) days of Midwest Bonding's payment, with each party bearing its own costs, expenses, and attorneys' fees.

7. **Mutual Releases of All Causes of Action.** Except for the terms, conditions, and obligations set forth in this Agreement, the Parties, including all affiliates, successors, heirs, assigns, directors, officers, employees, members, agents, insurers and attorneys, hereby mutually agree to fully and completely release and forever discharge each other, including all affiliates, successors, heirs, assigns, directors, officers, employees, members, insurers and attorneys, from any and all manner of action or actions, claim or claims, causes of action, contracts, agreements, covenants, controversies, invoices, debts, sums of money however and whenever received, demands, suits and proceedings, in law or equity, statutory or common law, and of any nature whatsoever, known or unknown, direct or indirect, fixed or contingent, which any Party may have had as of the date of this Agreement relating in any way to the Lawsuit. Nothing contained in this Agreement is intended to, and nothing in this Agreement does, effect or release any claims possessed by the Parties and which may be, or have been, asserted against Midwest Resale Specialists or the credit reporting agencies.

8. **No Admission of Liability.** The Parties acknowledge that this Agreement constitutes a compromise and settlement of disputed claims, and that this Agreement is not intended as, nor shall it be construed to be an admission of liability on behalf of the Parties hereto, each of whom deny all such liability.

9. **Full and Adequate Consideration.** The Parties expressly acknowledge that the terms of this Agreement represent the sole consideration for the compromise and settlement of the Parties' potential legal claims, the sufficiency of which is hereby acknowledged.

10. **Acknowledgements.** The Parties acknowledge that they have had the benefit of counsel of their own choice and have been afforded an opportunity to review this Agreement with their chosen counsel. The Parties further acknowledge that each of them, through their respective counsel or otherwise, participated in the preparation of this Agreement, and it is understood that no provision hereof shall be construed against any Party by virtue of the activities of said Party or their attorney in the preparation and execution of this Agreement.

11. **Binding Nature of Agreement.** This Agreement shall be binding upon and inure to the benefit of the agents, executors, predecessors, successors, heirs, beneficiaries, and assigns of the Parties.

12. **Entire and Voluntary Agreement.** This Agreement contains the entire agreement between the Parties. This Agreement may only be modified by written instrument signed by the

Parties. In addition to the above, the Parties agree that they shall not and cannot use, seek to use, rely upon, or refer to, the negotiating history of this Agreement in any subsequent legal proceeding or other proceeding between the Parties in an action to enforce this Agreement, including, without limitation, any previous drafts, provisions, previous versions of exhibits, or verbal or written descriptions disclosed to or by the Parties and/or their attorneys and/or agents. The Parties agree that this Agreement constitutes a full, final, and complete settlement which has been entered into knowingly, voluntarily, and without duress by any party hereto. The Parties further agree that this Agreement shall have full force and effect, and that it represents a lawful, binding, and enforceable agreement.

13. **Confidentiality**. The amount of the Settlement Payment, the fact of this settlement, and the terms of this Agreement shall not be disclosed by the parties to any person other than their legal counsel and their tax advisors, except as required by an Order of a Court of competent jurisdiction or as needed to secure Midwest Bonding's dismissal from the Litigation or to pursue claims against Midwest Resale Specialists.

14. **Non-Disparagement**. Seamon agrees that he will not take any action or make any statements, verbal or written, to any third-party that disparage or defame Midwest Bonding.

15. **Authority to Settle.** Each of the Parties represents and warrants, for itself only, that the person(s) signing this Agreement has full authority and representative capacity to execute this Agreement on behalf of the entity or individual for whom each is purporting to act.

16. **Non-Assignability of Claims.** Each Party represents and warrants that it has not assigned any of the claims released in this Agreement.

17. **Severability.** If any provision of this Agreement is held invalid or unenforceable, such determination will not affect the remaining portions of this Agreement, and the affected provisions must be interpreted and enforced to the fullest extent possible to carry out the intent of such provision.

18. **Counterparts.** This Agreement may be executed in counterparts, and the electronic and/or facsimile signature of any Party hereto shall be considered as if it were an original signature hereof.

19. **Governing Law.** This Agreement shall be deemed to have been made in the state of Minnesota and shall be governed by, construed and interpreted in accordance with the laws of the state of Minnesota.

By: _Rodney Seamon_

Rodney Seamon

11/11/2024
Dated: October ___, 2024

By: _RBc_

Ronald Blume
President
Midwest Bonding, LLC
11/12/2024
Dated: October ___, 2024

30070543v1