# EXHIBIT 5

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| Rodney Seamon, | Court File No. 0:24 cv 00082 NEB ECW |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT MIDWEST RESALE SPECIALIST INC.'S |
| Midwest Bonding LLC and Midwest Resale Specialist Inc., | SUPPLEMENTAL ANSWERS TO PLAINTIFF RODNEY SEAMON'S INTERROGATORIES, SET TWO |
| Defendants. | |

**TO: Plaintiff Rodney Seamon, through his counsel of record: Thomas J. Lyons, Jr., Esq. and Carter B. Lyons, Esq., Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127.**

Defendant Midwest Resale Specialist Inc. ("Midwest Resale"), for its Supplemental Answers to Plaintiff Rodney Seamon's Interrogatories (Set 2), answers and objects as follows:

## PRELIMINARY STATEMENT

The following answers to interrogatories have been prepared to the completion of Midwest Resale's investigation, discovery, and preparation for trial in this action. The discovery responses are based only on information, facts, and documents currently available and known to Midwest Resale. Midwest Resale has not yet completed its discovery or investigation in this matter. Accordingly, its discovery responses are limited by the documents and information which they have thus far located following a reasonable search and diligent inquiry. Midwest Resale reserves the right to make changes to these discovery responses if it appears that omissions or errors have been inadvertently made in

them, or that further and more accurate information, facts, or documents are available. Midwest Resale also reserves the right to rely upon or introduce into evidence at trial or any pre-trial proceeding any additional information, acts, or documents.

Midwest Resale's discovery responses and objections are for the purpose of discovery only and are not an admission or acceptance that any answer, fact, or document is relevant or admissible into evidence. Midwest Resale reserves the right to object to the admissibility of any discovery response, fact, or document at the time of trial or any pre-trial proceeding.

## GENERAL OBJECTIONS

1.     Midwest Resale objects to the interrogatories to the extent they seek information protected by the attorney-client privilege, work product doctrine, or other applicable privileges. Midwest Resale will not produce any such information. Inadvertent production of privileged documents or information shall not constitute a waiver of any applicable privilege.

2.     Midwest Resale objects to the interrogatories to the extent they purport to require Midwest Resale to provide any information that is more easily obtained by Plaintiff, or is in the possession, custody, or control of some other person or entity, on the grounds that such requirement is not authorized by the Minnesota Rules of Civil Procedure, is unduly burdensome and oppressive, and/or constitutes annoyance, harassment, and oppression.

3.     Midwest Resale objects to each interrogatory as not proportional to the needs of the case, overly broad, and unduly burdensome to the extent that Plaintiff seeks

information regarding geographic areas, or concerning organizations, facilities, locations, business units and groups, departments, and entities that are not relevant to the lawsuit.

4. Midwest Resale objects to the interrogatories to the extent they seek trade secret, proprietary, confidential, or competitively sensitive information, or personal and private information relating to Midwest Resale's employees and non-parties.

5. Midwest Resale objects to the interrogatories as overly broad and unduly burdensome to the extent they seek information regarding time periods which are not relevant to the underlying lawsuit or within the applicable statute of limitations.

6. Midwest Resale objects to each interrogatory to the extent it prematurely seeks the disclosure of facts or information supporting Midwest Resale's legal and/or factual defenses against Plaintiff prior to Midwest Resale having a reasonable opportunity to complete their investigation.

7. Midwest Resale reserves all rights provided by the Minnesota Rules of Civil Procedure applicable Local rules, or by any order of the Court.

Midwest Resale provides the following responses subject to, and without waiving the foregoing Preliminary Statement and General Objections, which are incorporated by reference into each answer below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 10:** Identify from the spreadsheet Defendant produced in discovery the number of debtors that had a bankruptcy scrub conducted shortly after placement of the accounts.

ANSWER: Defendant Midwest Resale objects to this interrogatory as overbroad and unduly burdensome. Subject to and without waiving its objections, Midwest Resale compiled a list of approximately 1,200 individuals and conducted a bankruptcy scrub on all individuals.

SUPPLEMETNAL ANSWER: Defendant Midwest Resale objects to this interrogatory as overbroad and unduly burdensome. Subject to and without waiving its objections, Midwest Resale compiled a list of approximately 1,200 individuals and conducted a bankruptcy scrub on all individuals.

Further, of the list of 1,200 individuals that Midwest Resale conducted a bankruptcy scrub on, 11 total individuals had filed for bankruptcy, including Mr. Seamon. Midwest Resale verified that the 10 individuals, not including Mr. Seamon, that had filed for bankruptcy had their debt with Midwest Bonding discharged in bankruptcy. The 10 accounts that had a verified bankruptcy confirmed were closed with no credit reports being pulled and no collection attempts being made due to the verified bankruptcy.

Dated:  September 23, 2024

**GORDON REES SCULLY MANSUKHANI LLP**


By: */s/ Daniel P. Brees*
Suzanne L. Jones, MN Bar No. 0389345
Daniel Brees, MN Bar No. 0395284
80 South 8th Street, Suite 3850
Minneapolis, MN 55402
Phone:  612-364-1742
sljones@grsm.com
dbrees@grsm.com
*Attorneys for Defendant,*
*Midwest Resale Specialist Inc.*

<u>VERIFICATION</u>

Aaron Hanson, being first duly sworn, deposes and says:

That he is the President of Operations of Midwest Resale Specialist Inc.; that he has read **DEFENDANT MIDWEST RESALE SPECIALIST INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFF RODNEY SEAMON'S INTERROGATORIES, SET TWO** and knows the contents thereof; that the answers and responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of Defendant Midwest Resale Specialist Inc, upon which he relied; that the answers and responses set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presented or recollected and thus far discovered in the course of the preparation of these answers; that consequently Defendant Midwest Resale Specialist Inc. reserves the right to make any changes in the answers if it appears at any time that omission or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, declares under oath that said responses are true and correct to the best of his/her knowledge, information and belief.

Emily L Svien
State of Minnesota
Notary Public
Commission No. 1328461600039
My Commission Expires 1/31/2027

By: _____

Subscribed and sworn to before me
this 24th day of September 2024.

_____
Notary Public

-6-