UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rodney Seamon, | Case No. 24-cv-00082 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Midwest Bonding, LLC and Midwest Resale Specialist Inc, | |
| Defendants. | |

This matter is before the Court on Midwest Bonding, LLC, and Midwest Resale Specialist Inc.'s Joint Motion for Continued Sealing (Dkt. 85) ("Motion") pursuant to Local Rule 5.6(d) concerning documents filed under seal related to Midwest Bonding, LLC's Motion for Summary Judgment (Dkt. 73).

## I.  FACTUAL BACKGROUND

The Defendants agree that Docket Entry 80 should remain under seal. The only basis provided by the parties for the entry's continued sealing is that "[t]he document is a settlement agreement between Rodney Seamon and Midwest Bonding, LLC, the terms of which are confidential."  (Dkt. 85 at 1.)  While the parties did not move for continued sealing of Docket Entry 76, Midwest Bonding, LLC's Memorandum in Support of Summary Judgment, of which a redacted version has been publicly filed with the Court (Dkt. 75), the Court assumes that the parties also seeking continued sealing of Docket Entry 76 (the unredacted brief) pursuant to Local Rule 5.6.

Plaintiff's claims against Defendants in this matter have been dismissed. (Dkts. 60, 71.) Plaintiff has not joined in the present Motion. (*See* Dkt. 85.)

## II. ANALYSIS

The fact that a document has been designated as confidential by the parties alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District. *See Micks v. Gurstel L. Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019). American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history.") (citation omitted); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL

882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.  That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'"  *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021).  "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'"  *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted).  When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the

3

presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

4

*Id.* at *11 (citation omitted).  The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test.  *Id.*

Given this standard, the Court will proceed with analyzing the merits of the parties' motion for continued sealing.

### III.   ANALYSIS

Defendant Midwest Bonding, LLC ("Midwest Bonding") is seeking indemnification from Defendant Midwest Resale Specialist Inc. ("Midwest Resale") related to a settlement between Plaintiff Rodney Seamon and Midwest Bonding.  (*See* Dkts. 7, 75.)  Midwest Bonding's Motion for Summary Judgment relies on the amount of the sealed settlement agreement with Seamon for the indemnification damages it is seeking, outside from its attorneys' fees, from Midwest Resale.  (Dkt. 75 at 9.)  This is the only item redacted from Midwest Bonding's Memorandum in Support of Summary Judgment.  (*See* Dkt. 75.)  Notwithstanding Midwest Bonding's redaction of the amount from its brief, Midwest Resale publicly filed the amount in its opposition brief.  (*See* Dkt. 86 at 4.)  No party has sought sealing of Midwest Resale's opposition brief.

While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless compelling reasons exist, *see Lugosch*, 435 F.3d at 123 (citation omitted); *see also*

5

*Krueger*, 2014 WL 12597948, at *8-9 (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted).

  Here, the only basis for the continued sealing is that Midwest Bonding and Plaintiff have agreed that the terms of the settlement agreement are confidential. Although the settlement agreement has a confidentiality provision, outside of the settlement amount, the agreement does not appear to contain any sensitive information that this Court can discern based on its review. Further, that same agreement allows Midwest Bonding to use the settlement agreement as needed to pursue claims against Midwest Resale. In addition, the Court notes that Midwest Resale has already included the amount of the settlement in its public opposition to summary judgment. (*See* Dkt. 86 at 4.)

  Given the minimal strength of the interests that the parties seek to protect, countered by the public's interest in understanding the reasoning behind United States District Judge Nancy E. Brasel's decision as to whether to award monetary damages in connection with the pending motion for summary judgment, the Court finds that that the

parties have not met the heightened burden to overcome the presumptive right of the public to access to the Settlement Agreement, or the portions of the memorandum in support of summary judgment that that discuss it. *See Sleep No. Corp. v. Young*, No. 20-CV-01507 (NEB/ECW), 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022) ("While the Court acknowledges an interest in keeping settlement negotiations confidential in order to encourage settlement, such an interest may be outweighed by the public's interest in accessing court records.").

## ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Midwest Bonding, LLC, And Midwest Resale Specialist Inc.'s Joint Motion for Continued Sealing (Dkt. 85) is **DENIED**.

2. Docket Entries 76 and 80 will be **UNSEALED** in accordance with the Local Rules.

DATED: March 18, 2025

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

7